UNITED  STATES  DISTRICT  COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FANT, et al., | 1:06-CV-00934-SMS |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOCS. 27, 28) |
| v. | |
| RESIDENTIAL SERVICES VALIDATED PUBLICATIONS, et al., | ORDER GRANTING AND DENYING REQUESTS FOR JUDICIAL NOTICE (DOCS. 27, 29, 37, 39, 59, 61) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTIONS FOR JOINDER, INTERVENTION, AND FOR LEAVE TO FILE AMENDED COMPLAINT (DOCS. 21, 23, 40) |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

I. Background

The present action was initiated in the Northern District of California on or about March 28, 2006. Plaintiffs voluntarily dismissed Defendants JAMKE and Myrtakis; the action against Defendant Jensen only was transferred to this district. Plaintiffs filed a separate suit against JAMKE and Myrtakis in this district, action no. 1:06-cv-01054-AWI-SMS, which was consolidated on December 11, 2006, with this action; motions

1  pending in that action were denied without prejudice. The first
2  amended complaint (FAC) was filed on December 12, 2006, pursuant
3  to the Court's order of December 11, 2006, consolidating cases
4  and directing a new complaint to be filed in the lead case. The
5  case concerns interests in real property located at 408 to 416
6  Corson Avenue in Modesto, California. In the FAC, Plaintiffs
7  Benny and Procsy Yadao Family Trust (Trust), Benny Yadao, and
8  Procsy Yadao sue JAMKE, a partnership; its alleged general
9  partners John A. Myrtakis and Ken David Elving (named as Doe I)
10 as partners and as individual lenders who held a note secured by
11 a deed of trust (DOT) on the property; and Leslie F. Jensen,
12 counsel for JAMKE. Another person involved but not presently
13 named as a party (although by separate motion his inclusion in
14 the suit is sought) is Gary Fant, the holder of a note secured by
15 a second DOT on the property, who before Yadao's bankruptcy
16 foreclosed on the property allegedly in violation of a state
17 court's preliminary injunction.

18      Plaintiffs allege two claims, including a violation of 11
19 U.S.C. § 362(h) (now § 362(k), for willful violation of a
20 bankruptcy stay, and a malicious prosecution claim brought
21 pursuant to state law. The conduct of Defendants of which
22 Plaintiffs complain includes 1) JAMKE's foreclosure on the
23 property in November 2003, which Plaintiffs allege violated a
24 stay in the bankruptcy of Procsy and Benny Yadao (or the terms of
25 the bankruptcy court's modification of the stay); 2) JAMKE's
26 eviction of the Yadao's in November 2003 by self-help and without
27 unlawful detainer, alleged to be in derogation of the automatic
28 stay as an action against the interest of the debtor; and 3)

2

1  JAMKE's and JENSEN's filing of a cross-complaint in March 2004
2  for slander of title, based on Plaintiffs' recordation of a lis
3  pendens in connection with a wrongful foreclosure action
4  instituted in state court by Plaintiffs against them, alleged to
5  constitute malicious prosecution. Plaintiffs seek compensatory
6  and punitive damages in both claims as well as an order declaring
7  that JAMKE's foreclosure sale was illegal as a matter of law
8  because it removed Plaintiffs wrongfully from the property while
9  the bankruptcy was pending. (FAC pp. 7-8.)

10      The matters before the Court include two motions to dismiss,
11 (Doc. 27, motion of Defendant Leslie F. Jensen to dismiss, Doc.
12 28, motion of Defendants John Myrtakis and JAMKE); Defendants'
13 requests that the Court decline to exercise supplemental
14 jurisdiction over state claim for malicious prosecution, which
15 are part and parcel of Defendants' motions to dismiss; Defendants
16 Myrtakis' and JAMKE's request for judicial notice in connection
17 with the motion to dismiss (Doc. 29-1); Defendant Jensen's
18 request for judicial notice in support of motion to dismiss (Doc.
19 27); Plaintiffs' requests for judicial notice in opposition to
20 Myrtakis motion (Doc. 37-1) and the Jensen motion (Doc. 39-1);
21 and the declaration of Andrew W. Shalaby, with an associated
22 request for judicial notice. The Court has further considered and
23 the motions of Plaintiffs and Movant Gary Fant for joinder,
24 intervention, and leave to amend the complaint (Docs. 23-1, 40).
25 The Court notes that Plaintiffs filed opposition to the motions
26 to dismiss, and Defendants filed replies. Further, Defendants
27 filed evidentiary objections or opposition to Plaintiffs' request
28 for judicial notice in support of Plaintiffs' opposition, and

1    Plaintiff responded to the objections. Defendants filed separate
2    oppositions to the motion for joinder, intervention, and leave to
3    amend, including a declaration; and Plaintiffs filed an objection
4    to a sur-reply, and a reply. Finally, the parties filed
5    supplemental briefing pursuant to an order of the Court.

6         The Court will first address the motions to dismiss and
7    related requests for judicial notice. It will then proceed to
8    consider the motions for intervention, joinder, and leave to
9    amend the complaint.

10        II. <u>Motions to Dismiss</u>

11        Fed. R. Civ. P 12(b)(6) provides for the making of a motion
12   to dismiss for failure to state a claim upon which relief can be
13   granted; such a motion tests the legal sufficiency of the claim
14   or claims stated in the complaint. The motion tests whether there
15   is any set of "facts that could be proved consistent with the
16   allegations of the complaint" that would entitle plaintiff to
17   some relief. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514
18   (2002); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Diaz</u>
19   <u>v. Gates</u>, 380 F.3d 480, 482 (9th Cir. 2004). Dismissal for
20   failure to state a claim is proper only if it is clear that no
21   relief could be granted under any set of facts that could be
22   proved consistent with the allegations. <u>Cervantes v. City of San</u>
23   <u>Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993). A complaint should not
24   be dismissed under Rule 12(b)(6) "unless it appears beyond doubt
25   that the plaintiff can prove no set of facts in support of his
26   claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355
27   U.S. 41, 45-46, (1957). Dismissal is proper only where there is
28   either a lack of a cognizable legal theory, or an absence of

1  sufficient facts alleged under a cognizable legal theory.

2  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

3  1990).

4      In considering a motion under Fed. R. Civ. P. 12(b)(6), a

5  court must construe the complaint in the light most favorable to

6  the plaintiff; accept all well-pleaded factual allegations as

7  true; and determine whether the plaintiff can prove any set of

8  facts to support a claim that would merit relief. Cahill v.

9  Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

10     A matter that is properly the subject of judicial notice may

11 be considered along with the complaint when deciding a motion to

12 dismiss for failure to state a claim, and this consideration does

13 not render the motion a motion for summary judgment. MGIC

14 Indemnity Corp. v. Wesiman, 803 F.2d 500, 504 (9th Cir. 1986)

15 (taking judicial notice of a motion to dismiss and a supporting

16 memorandum that had been filed in a lawsuit in connection with

17 issues of knowledge by a party and that party's reliance). In

18 determining a motion to dismiss for failure to state a claim, the

19 Court need not accept as true allegations that contradict facts

20 which may be judicially noticed by the Court. Mullis v. United

21 States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).

22          A. Requests for Judicial Notice

23     Preliminarily the Court notes that Defendants request that

24 the Court take judicial notice of various documents filed in the

25 bankruptcy action, state court actions, or on file with the

26 Stanislaus County Recorder. Plaintiffs object and then request on

27 their own behalf that the Court take judicial notice of various

28 documents as set forth in Plaintiff's request for judicial notice

in support of the opposition as well as in a supplemental
declaration of Plaintiff's counsel (item 5).

"A judicially noticed fact must be one not subject to
reasonable dispute in that it is either (1) generally known
within the territorial jurisdiction of the trial court or (2)
capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned." Fed. R. Evid.
201(b). "A court shall take judicial notice if requested by a
party and supplied with the necessary information." Fed. R. Evid.
201(d). The Court may take judicial notice of court records. Fed.
R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333
(9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

"Judicial notice is an adjudicative device that alleviates
the parties' evidentiary duties at trial, serving as a substitute
for the conventional method of taking evidence to establish
facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th
Cir. 1996) (internal quotations omitted); see General Elec.
Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th
Cir. 1997). "Matters may be judicially noticed in connection with
pretrial motions as well as at trial." JUDGE ROBERT E. JONES ET AL.,
FEDERAL CIVIL TRIALS AND EVIDENCE § 8:935 (2006). However, the Court
does not by taking judicial notice of the documents accept the
other courts' findings of fact as true. Wyatt v. Terhune, 315
F.3d 1108, 1114 (9th Cir. 2003) (reciting the established rule
that a court may not take judicial notice of proceedings or
records in another cause in order to supply, without the formal
introduction of evidence, facts essential to support a contention

1  in a cause then before it).

2      Here, there are no disputes with respect to the authenticity
3  of the documents offered to the Court by the moving Defendants in
4  connection with their requests for judicial notice to be taken in
5  support of the motion to dismiss. Likewise, there do not appear
6  to be any disputes concerning the bankruptcy documents sought by
7  Plaintiffs to be the subject of judicial notice in opposition to
8  the motions to dismiss. This Court will take judicial notice of
9  the filings in the bankruptcy court offered by Defendants not for
10  the purpose of considering the truth or falsity of the contents
11  therein, but rather with various objects of noting what has been
12  filed in the other actions, what has been represented, the status
13  of particular proceedings at any given time as reflected by filed
14  documents, what matters have been decided, and so forth, as is
15  pertinent to the issues raised in connection with the motions
16  pending before the Court.

17      With respect to Plaintiff's request for judicial notice in
18  support of Plaintiffs' opposition to the motion to dismiss of
19  Defendants Myrtakis and JAMKE, the Court declines to take
20  judicial notice of newspaper articles from the internet of a
21  specific date describing Defendant Myrtakis' involvement in a
22  foreclosure rescue scheme. It is true that a court may take
23  judicial notice of adjudicative facts appearing in newspapers
24  pursuant to Fed. R. Evid. 201. Crowder v. Kitagawa, 81 F.3d 1480,
25  1492 n. 10 (9th Cir. 1996). However, the facts in the articles in
26  question in the present case are not easily determined facts not
27  subject to reasonable dispute because they are not generally
28  known or capable of accurate and ready determination by resort to

7

1  sources whose accuracy cannot reasonably be questioned. <u>Compare</u>,
2  <u>Ritter v. Hughes Aircraft Co.</u>, 58 F.3d 454, 458 (9th Cir. 1995)
3  (finding no abuse of discretion in taking judicial notice of
4  newspaper articles describing widespread layoffs in the vicinity
5  where depositions testimony also reflected a general shortage of
6  jobs).

7      Pursuant to the objection of Defendant Jensen, the Court
8  declines to take judicial notice of foreclosure postponement
9  certificates in relation to JAMKE'S foreclosure sale because they
10 appear to relate to the merits of an action concerning the sale
11 and do not appear to be pertinent to the issues considered in the
12 motion to dismiss. Likewise, the deed to JAMKE is similarly not
13 appropriate for judicial notice.

14     The Court will take judicial notice of Defendant Jensen's
15 answer to the complaint.

16     The Court will take judicial notice of the bankruptcy
17 document contained in Plaintiff's supplemental request for
18 judicial notice filed on March 3, 2007, consisting of an order of
19 the bankruptcy court on March 23, 2004.

20     Further, the Court will take judicial notice of the exhibits
21 to the Declaration of Andrew W. Shalaby filed on March 12, 2007,
22 consisting to a Schedule C filed in the bankruptcy and a
23 complaint filed in a previously determined action in the
24 Stanislaus County Superior Court.

25          B. <u>Facts</u>

26     The following facts appear on the face of the FAC or are
27 established by documents of which the Court has taken judicial
28 notice.

On July 11, 2003, Gary Fant, not a party to the present action, foreclosed on the property, allegedly in violation of a preliminary injunction. (FAC p. 3.) The action in which the injunction issued is not identified in the complaint. Plaintiffs had previously filed suit against Fant and others in Stanislaus County for breach of contract, negligence, trespass, wrongful ouster and foreclosure, and specific performance in February 2003 relating to alleged failures of Fant to pursue documentation that would have permitted Plaintiffs to continue to operate the property as a residential care facility, to Fant's affirmative ouster of Plaintiffs and/or foreclosure based on Plaintiff's alleged failure to pay a loan secured by the property, and the sale of the property to Plaintiffs by Fant (case no. 330582). (Decl. of Shalaby, Ex. 2.)

Plaintiffs alleged that they had a pending lawsuit against Fant for wrongful foreclosure at the time that Yadao filed bankruptcy under Chapter 11 on August 13, 2003, in the Eastern District Bankruptcy Court in Modesto, California, and that this lawsuit was part of the bankruptcy estate. (FAC p. 3.) The Court takes judicial notice of Exhibit 1 to the request for judicial notice of Defendants Myrtakis and JAMKE, a copy of the voluntary petition, which indicates a filing for bankruptcy on behalf of Benny Yadao and Procsy Yadao, individually and as trustees of the Benny and Procsy Yadao Family Trust.

The Court further takes judicial notice of the Schedule C in that bankruptcy proceeding (Shalaby Decl. Ex. 1), which lists not only the Yadao v. Fant action in Stanislaus County (No. 330582), but also real property referred to generally as 408-416 Corson

1  Avenue, Modesto, California 95350.

2      On or about October 28, 2003, the bankruptcy court granted
3  JAMKE's motion for relief from the automatic stay. The FAC
4  recites that JAMKE brought a motion before the bankruptcy court
5  seeking relief from the automatic stay to permit JAMKE to evict
6  Yadao from the property on the grounds that the Yadaos were
7  residing in the property at the time of the filing of the
8  bankruptcy and thereafter, "and on grounds that the subject
9  property was not property of YADAO's bankruptcy estate." (FAC p.
10 4 ll. 2-3.) The FAC states that on or about October 28, 2003, the
11 bankruptcy court affirmed a tentative ruling whereby the court
12 had observed that Fant's foreclosure took place while a state-
13 court injunction was in effect but that a foreclosure sale
14 conducted under such circumstances was voidable and not void as a
15 matter of law. (Id. at ll. 4-8.) The FAC then states:

16         On this basis, the Bankruptcy Court found that at the
           time Plaintiffs filed for bankruptcy relief, they did not
17         hold lawful title to the subject property, therefore
           the subject property was not property of the bankruptcy
18         estate. Accordingly, the Court modified the automatic
           stay imposed by 11 U.S.C.A. § 362(a) to permit JAMKE
19         to evict YADAO. Two conditions precedent existed
           before JAMKE could regain possession of the subject
20         property: (1) JAMKE had to first foreclose; and
           (2) JAMKE had to become the *successful bidder* at
21         the foreclosure sale, and obtain title in order to
           evict YADAO.
22
23 (Id. at ll. 8-14.)

24      The Court grants Plaintiffs' motion to take judicial notice
25 of the proposed ruling. (Pltfs.' req. for jud. not., Ex. 5.) The
26 bankruptcy court began by noting that although Fant's pre-
27 petition foreclosure pursuant to the junior deed of trust
28 occurred while an unmodified state court injunction was in place,

that rendered the trustee's sale only voidable under California

law. The court continued:

> Because the sale is voidable and not void, and because
> the sale was not set aside or otherwise voided prior to
> filing the instant case, the sale was effective on
> the date of the petition and the real property is not
> property of this bankruptcy estate.
>
> Because the property is not property of the bankruptcy
> estate, the automatic stay is modified to allow movant
> to take necessary and appropriate action under state law
> to obtain possession of the property.

(Id., Doc. 37-7 p. 4.)

The bankruptcy court's dispositive order on JAMKE's motion

for relief from automatic stay was granted pursuant to §

362(d)(1), which provides that the court shall upon notice

request and hearing grant relief from the stay for cause, or if

the debtor does not have an equity in property under § 362(a) and

such property is not necessary to an effective reorganization.

The court stated in its order:

> IT IS HEREBY ORDERED that the Motion for Relief from
> Automatic Stay of Movant, JAMKE, a California general
> partnership, is granted pursuant to 11 U.S.C.
> Section 362(d)(1). That the automatic stay provided
> under 11 U.S.C. Section 362(a) is hereby modified to
> permit Movant, JAMKE, a California general partnership,
> to take and exercise all necessary steps under
> California law to recover possession of the real
> property commonly known as 416 Corson Avenue, Modesto,
> California. The 10-day stay of Federal Rule of Bankruptcy
> Procedure 4001(a)(3) is not waived, however that period
> shall run concurrently with the 7-day period specified in
> California Civil Code § 2924g(d).

(Defts.' req. for jud. not. Ex. 2, Doc. 29-3 p. 2.)

With respect to the foreclosure, it is alleged that on

November 12, 2003, JAMKE foreclosed on the property pursuant to

its first note secured by a DOT; however, Plaintiffs allege that

the foreclosure sale was unlawful because JAMKE had postponed the

1 sale a total of five times and failed to re-notice the sale as

2 required by Cal. Civ. Code § 2924(c)(1) and on additional,

3 unspecified grounds. (Id. p. 4.)

4      Plaintiffs further allege that Defendants JAMKE and Myrtakis

5 failed to obtain relief from the automatic stay to permit

6 eviction proceedings; and those Defendants knowingly used self-

7 help remedies to evict the Plaintiffs from the property on

8 November 13, 2003, by changing the locks and removing Plaintiffs'

9 property, and they terminated Plaintiffs' possession without

10 having ever filed an unlawful detainer action, which Plaintiffs

11 allege was unlawful and violated 11 U.S.C. § 362(a) as an action

12 adverse to the estate of the debtors, namely, Plaintiffs, during

13 the pendency of the automatic stay. (FAC p. 6.) According to the

14 FAC, this acquisition of possession was violative despite the

15 order of the bankruptcy court, which modified the automatic stay

16 to permit JAMKE to:

17        take and exercise all necessary steps under California
         law to recover possession of the real property known as
18        416 Corson Avenue, Modesto, California.

19 (FAC p. 7.)

20      Plaintiffs allege that in response to the allegedly unlawful

21 foreclosure, Plaintiffs, as trustees of their bankruptcy estate,

22 had a duty to file a wrongful foreclosure action against JAMKE

23 and did so on or about December 3, 2003, as well as record a lis

24 pendens on the property pursuant to Cal. Civ. Proc. Code § 761.00

25 at about the same time. (Id. pp. 4-5.) The Court grants

26 Defendants' request for judicial notice of the verified complaint

27 for quiet title (asserting wrongful foreclosure by Fant that was

28 subject to being set aside on equitable grounds, and wrongful

1  foreclosure by JAMKE and HF Data), declarative relief, wrongful
2  eviction (Myrtakis' self-help on November 17, 2003), trespass (in
3  the course of the allegedly wrongful eviction), and negligent and
4  intentional infliction of emotional distress filed in Yadao
5  Family Trust et al. v. HF Data et al., Stanislaus County Superior
6  Court case no. 343646. (Req. Jud. Not., Ex. 3, Doc. 29-4.)

7      On December 15, 2003, the bankruptcy was converted to a
8  proceeding under chapter 7, and a trustee was appointed. On the
9  trustee's motion in the bankruptcy action, the Honorable T. C.
10 Holman ruled on February 10, 2004, that any interest of the
11 estate in the property was abandoned because it was burdensome
12 and/or of inconsequential value. (Deft.'s Req. Jud. Not., Exs. 5,
13 6, Docs. 29-6, 29-7.)

14     On March 1, 2004, Defendants JAMKE and Jensen, counsel for
15 JAMKE, filed a slander of title cross-complaint in the state
16 wrongful foreclosure action, which was alleged by Plaintiffs here
17 to have been without merit and brought for an improper purpose,
18 including to chill Plaintiffs' First Amendment rights. A state
19 appellate court eventually ruled that it was a SLAPP suit, and
20 the action was remanded for a showing of the likelihood of
21 JAMKE's and JENSEN's prevailing on the merits; ultimately
22 Defendants dismissed the action, and Plaintiffs received a
23 favorable ruling on attorney's fees on the basis of the suit
24 having been without merit as a matter of law. (FAC pp. 4-6.)
25 Plaintiffs allege that the maintenance of this malicious lawsuit
26 during the pendency of Plaintiffs' bankruptcy violated the
27 automatic stay of 11 U.S.C. § 362(a). (FAC p. 6.)

28     On or about June 17, 2004, Plaintiffs' bankruptcy was

13

1  dismissed. (FAC p. 6.)

2          C. Analysis

3      Defendants Jensen, and Myrtakis and Jamke separately from

4  Jensen, move to dismiss the FAC for failure to state a claim.

5      Title 11 U.S.C. § 362(k)(1)[1] provides in pertinent part:

6          Except as provided in paragraph (2), an individual
           injured by any willful violation of a stay provided
7          by this section shall recover actual damages, including
           costs and attorneys' fees, and, in appropriate
8          circumstances, may recover punitive damages.

9  Section 362(a)(1) states:

10             a) Except as provided in subsection (b) of this
           section, a petition filed under section 301, 302, or
11         303 of this title, or an application filed under
           section 5(a)(3) of the Securities Investor Protection
12         Act of 1970, operates as a stay, applicable to all
           entities, of--

13
           (1) the commencement or continuation, including the
14         issuance or employment of process, of a judicial,
           administrative, or other action or proceeding against
15         the debtor that was or could have been commenced
           before the commencement of the case under this title,
16         or to recover a claim against the debtor that arose
           before the commencement of the case under this title;
17         . . . . .
           3) any act to obtain possession of property of the
18         estate or of property from the estate or to exercise
           control over property of the estate;
19
           4) any act to create, perfect, or enforce any lien
20         against property of the estate....

21             1. JAMKE'S Foreclosure and Eviction of
                  Plaintiffs in November 2003
22
       Whether an interest claimed by a debtor is property of the
23
   estate is a question to be decided by federal law; however,
24
   bankruptcy courts must look to state law to determine whether and
25
   to what extent the debtor has any legal or equitable interests in
26
   the property as of the commencement of the case. In re Pettit,
27

28
       [1] Former § 362(h) was redesignated as subsection (k) by Pub. L. 109-8, § 305(1)(B)(2005).

14

1  217 F.3d 1072, 1078 (9th Cir. 2000). It is the bankruptcy court
2  which has the authority to determine whether a claim is stayed
3  because such a determination is a matter concerning core
4  bankruptcy proceedings which a state court does not have
5  jurisdiction to determine. In re Gruntz, 202 F.3d 1074, 1082 (9th
6  Cir. 2000).

7      In this instance, the bankruptcy court expressly stated in
8  its order granting relief from the automatic stay (Plaintiff's
9  request for judicial notice in support of Plaintiff's opposition,
10 Ex. 5) that the pre-bankruptcy foreclosure of the property was
11 not void, but was voidable; thus, the sale was effective on the
12 date of the petition, and the real property was not property of
13 the bankruptcy estate. Therefore, the automatic stay was modified
14 to allow JAMKE to take "necessary and appropriate action under
15 state law to obtain possession of the property." The stay thus
16 did not preclude Defendants from seeking possession of the
17 property; indeed, it expressly authorized a taking of possession.

18     The Court thus concludes that Plaintiff has not stated and
19 could not state a claim for violation of the automatic stay
20 premised upon Defendants' actions taken pursuant to the relief
21 from the automatic stay.

22             2. Filing of the Cross-Complaint

23     Defendants argue that the cross-complaint filed by JAMKE and
24 Jensen was based on post-petition conduct of Plaintiffs, the
25 debtors, namely, recording the lis pendens in conjunction with
26 Plaintiffs' filing in the Stanislaus County Superior Court. Thus,
27 their cross-complaint was based solely on debtor conduct that
28 post-dated the petition, and as such, was not subject to the stay

1   of § 362(a).

2      It is recognized that actions on post-petition claims are

3   not stayed. <u>Bellini Imports, Inc. v. The Mason & Dixon Lines,</u>

4   <u>Inc.</u>, 944 F.2d 199, 201 (4th Cir. 1991) (suit for debtor's post-

5   petition breach of contract was held in a proceeding filed under

6   title 11 of the Bankruptcy Code not to be subject to the stay

7   because the suit was not and could not have been instituted

8   before the petition was filed, and it was not based on a claim

9   that arose before the petition was filed); <u>In re Gull Air, Inc.</u>,

10  890 F.2d 1255, 1262-63 (1st Cir. 1989) (any withdrawal or

11  allocation of the debtor's airport slots that postdated the

12  petition and could not have been commenced before the petition

13  was filed could not be subject to the automatic stay); <u>In re THC</u>

14  <u>Financial Corp.</u>, 686 F.2d 799, 804-05 (9th Cir. 1982) (although an

15  express indemnity agreement arose pre-petition, the unrelated

16  unjust enrichment claim arose post-petition where it proceeded

17  from actions taken by the trustee after entry into bankruptcy);

18  <u>In re Miller</u>, 262 B.R. 499, 507 (9th Cir. BAP Cal. 2001) (holding

19  that a litigant's request for sanctions against a debtor for the

20  debtor's post-petition failure to respond to post-petition

21  subpoenas did not violate the automatic stay because it was based

22  on post-petition conduct, although once the entity attempted to

23  collect any judgment rendered against the debtor, such collection

24  could not proceed without obtaining relief from the automatic

25  stay, and citing <u>Bellini Imports</u>); <u>and</u> <u>see</u>, 3 <u>Collier on</u>

26  <u>Bankruptcy</u> § 362.03(3)(c) (L. King 15th ed. rev. (2006)).

27     Here, it clearly appears that the portion of Plaintiffs'

28  claim based on Defendants' filing of a cross-complaint

1  necessarily concerns a post-petition claim because the cross-

2  complaint was based on Plaintiffs' own post-petition conduct of

3  suing for wrongful foreclosure and eviction.

4  　　　The Court rejects Plaintiffs' argument that the attempt to

5  seek damages for the post-petition conduct nevertheless

6  constitutes an effort to obtain pre-petition assets because the

7  source for payment has not clearly been established as post-

8  petition assets, such as wages earned or settlements received

9  post-petition. Plaintiffs do not cite any authority in support of

10 their position.

11 　　　Even though a claim arising post-petition is not subject to

12 the stay, if such a claim is brought and gives rise to attachment

13 or execution of a judgment obtained as a result of a post-

14 petition claim, the claim is subject to the stay by virtue of §

15 362(a)(3) to (4). _Bellini Imports, Ltd. v. Mason and Dixon Lines,_

16 _Inc._, 944 F.2d 199, 201-02 (4th Cir. 1991). In such an instance, a

17 creditor must obtain relief from the stay in order to satisfy a

18 judgment against property of the bankruptcy estate. _Id._

19 　　　Here, the claim has not been reduced to a judgment.

20 　　　The Court notes that any interest in the property was

21 abandoned on February 10, 2004. The bankruptcy court's order of

22 that date referred to the motion of the trustee of the estate for

23 authorization to abandon property of the bankruptcy estate

24 "consisting of the estate's interest, if any, in real property

25 located at 408, 412, and 416 Corson Avenue in Modesto, California

26 (collectively, the 'Real Property')." (Doc. 29-7 p. 1.) It is

27 therefore logically impossible that any interest claimed by

28 Plaintiffs in the property that was within the bankruptcy estate

1  was targeted or otherwise affected by Defendants' subsequent

2  filing of the slander of title cross-complaint in March 2004.

3      In summary, the Court concludes that Plaintiff has failed to

4  state a claim for violation of the automatic stay.

5      Although Plaintiff at one point submitted evidence of

6  exemptions recognized in the bankruptcy action, the nature and

7  extent of the exemptions and the legal effect thereof has not

8  been briefed. Further, Plaintiff then withdrew some of his

9  arguments regarding the exemption. It is not clear to what extent

10  Plaintiff continues to rely on any exemptions. However, because

11  of the analysis set forth above, the Court does not reach any

12  issues regarding Plaintiff's claim of exemption.

13      Because of the reasons why Plaintiff has not stated a claim,

14  it appears that there is not any set of facts that could be

15  proved consistent with the allegations of the complaint

16  that would entitle Plaintiff to some relief. Accordingly, leave

17  to amend to permit Plaintiff to re-allege the same claims will

18  not be granted.

19      Accordingly, Defendants' motions to dismiss ARE GRANTED.

20      III. <u>Subject Matter Jurisdiction over the State Claim</u>

21      Defendants argue that the only basis for jurisdiction over

22  the claim for malicious prosecution that is brought pursuant to

23  state law is supplemental jurisdiction, and the Court should not

24  retain jurisdiction over the supplemental state claim for

25  malicious prosecution.

26      Title 28 U.S.C. § 1367(a) provides that except as

27  otherwise provided by statute, in any civil action of which the

28  district courts have original jurisdiction, the district courts

1  shall have supplemental jurisdiction over all other claims that

2  are so related to claims in the action within such original

3  jurisdiction that they form part of the same case or controversy

4  under Article III of the United States Constitution. It further

5  provides that such supplemental jurisdiction shall include claims

6  that involve the joinder or intervention of additional parties.

7      Section 1367(c) provides:

8      (c) The district courts may decline to exercise supplemental
   jurisdiction over a claim under subsection (a) if--
9          (1)the claim raises a novel or complex issue of
           State law,
10         (2) the claim substantially predominates over the
           claim or claims over which the district court has
11         original jurisdiction,
           (3) the district court has dismissed all claims
12         over which it has original jurisdiction, or
           (4) in exceptional circumstances, there are
13         other compelling reasons for declining jurisdiction.

14 28 U.S.C. § 1367(c).

15     When a court grants a motion to dismiss for failure to state

16 a federal claim, the court generally retains discretion to

17 exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367

18 over pendent state-law claims. Arbaugh v. Y&H Corp., 546 U.S.

19 500, 126 S.Ct. 1235, 1244-45 (2006). If the court dismisses the

20 federal claim, it should generally decline jurisdiction over

21 state claims and dismiss then without prejudice. Gini v. Las

22 Vegas Metropolitan Police Department 40 F.3d 1041, 1046 (9th Cir.

23 1994) (quoting Les Shockley Racing v. National Hot Rod

24 Association, 884 F.2d 504, 509 (9th Cir. 1989)). This is because

25 in the usual case in which federal-law claims are eliminated

26 before trial, the balance of factors will point toward declining

27 to exercise jurisdiction over the remaining state-law claims. Id.

28     Here, the Court has dismissed all federal claims. The Court

1 notes that there are or have been multiple state actions
2 concerning the underlying controversies. There are no compelling
3 reasons to exercise supplemental jurisdiction.

4      The Court thus exercises its discretion to dismiss the state
5 law claim for malicious prosecution.

6      IV. <u>Motion for Leave to Amend, Joinder, and Intervention</u>

7      Plaintiffs move for leave to file a second amended complaint
8 to add Gary Fant as a plaintiff, to add Residential Services
9 Validated Publications (RSVP) as an additional defendant, and to
10 add claims of Fant against RSVP.

11          A. <u>Background</u>

12      Plaintiffs and movant Gary Fant moved on December 21, 2006,
13 for leave to file a second amended complaint, for joinder and
14 intervention of Gary Fant, and for joinder of Residential
15 Services Validated Publications as a co-defendant, all as set
16 forth in a proposed second amended complaint (Doc. 25, Ex. A).
17 Defendants filed on January 9, 2007, opposition to the motion,
18 including memoranda and the declaration of Austin Garner (Docs.
19 32, 33, 35). An amended notice of motion to amend and for joinder
20 and intervention were filed on January 14, 2007 by Plaintiffs and
21 Fant in order to reset the hearing on the motion; on the same
22 date, Plaintiffs filed a reply to the opposition. On January 16,
23 2007, Defendants Myrtakis and JAMKE filed an amended declaration
24 of Austin D. Garner in support of Defendants' opposition to the
25 motion. (Doc. 43.) On January 16, 2007, Plaintiffs and Fant filed
26 objections to what they considered to be Defendant Myrtakis'
27 unauthorized sur-reply and supporting exhibits, claiming that the
28 amended declaration was a "blatant sur-reply" that should be

1  disregarded. (Obj. at p. 1.) Plaintiffs did not review how the

2  amended exhibit differed from the original or otherwise establish

3  that it functioned as a sur-reply. Plaintiffs stated in their

4  objections that as already explained, Defendants could later move

5  to dismiss the proposed claims based on arguments of res

6  judicata, collateral estoppel, forum-shopping or any other basis,

7  and until they did, the facts regarding all the other lawsuits,

8  and the documents from the other proceedings of which judicial

9  notice is sought to be taken by Defendants Jensen (Memo. p. 2

10  n.1) and JAMKE and Myrtakis (Memo. p. 3 n.1) were not pertinent

11  and should not be the subject of judicial notice.

12      The Court will take judicial notice of the documents set

13  forth in the amended declaration of Austin D. Garner in order to

14  have a perspective on the multiple suits involving the present

15  controversy.

16      There does not appear to be any prejudice to Plaintiffs or

17  Fant if the Court considers all the papers submitted.

18          B. <u>Legal Standard</u>

19      Fed. R. Civ. P. 15(a) provides in pertinent part:

20     A party may amend the party's pleading once as a
    matter of course at any time before a responsive
21     pleading is served or, if the pleading is one to which
    no responsive pleading is permitted and the action has
22     not been placed upon the trial calendar, the party
    may so amend it at any time within 20 days after it
23     is served. Otherwise a party may amend the party's
    pleading only by leave of court or by written consent
24     of the adverse party; and leave shall be freely given
    when justice so requires. . . .
25

26  Although the rule is to be construed liberally, leave to amend is

27  not automatically granted. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d

28  1385, 1387 (9th Cir.1990). In determining whether the Court

1  should exercise its discretion to allow amendments, the following

2  factors should be considered: (1) whether the movant unduly

3  delayed seeking leave to amend, or acted in bad faith or with

4  dilatory motive; (2) whether the party opposing amendment would

5  be unduly prejudiced by the amendment; 3) whether there have been

6  repeated failures to cure, and (4) whether amendment would be

7  futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230

8  (1962).

9          C. The Proposed Claims

10      The present FAC contains two claims: a federal claim for the

11  violation of the automatic stay, and a pendent state claim for

12  malicious prosecution.

13      The proposed second amended complaint (SAC) continues to

14  allege the Plaintiffs' two claims alleged in the FAC: 1), for

15  violation of the automatic stay, including that the bankruptcy

16  court determined that the property was not part of the bankruptcy

17  estate and modified that stay to permit eviction by JAMKE; that

18  the foreclosure by JAMKE in November 2003 was unlawful and

19  violated the stay; the slander of title suit filed in March 2004

20  was frivolous and violated § 362(h) (now 362(k)); and the

21  eviction violated of the automatic stay because it proceeded by

22  self-help; and 2) the malicious prosecution claim for the filing

23  of the slander of title suit.

24      The Court has concluded that Plaintiff has not and could not

25  state a claim pursuant to § 362. Thus, it would be futile to

26  permit an amendment for the purpose of Plaintiff's alleging such

27  a claim. Leave to amend may be denied where it would be futile,

28  as where it would not be possible for the amending party to

22

1 prevail on the merits. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962);

2 <u>Smith v. Commanding Officer, Air Force Accounting</u> 555 F.2d 234,

3 235 (9th Cir. 1977).

4        The proposed SAC would also allege a third claim: an

5 apparent combination of a claim for wrongful foreclosure by Yadao

6 (based on Yadao's possessory interest in the property) and Gary

7 Fant (who was not in bankruptcy but was the sole owner of the

8 property at the time of foreclosure) against the present

9 Defendants (JAMKE, Myrtakis, and Elving) as well as against a new

10 Defendant, RSVP, named in place of Doe II and alleged to be a

11 foreclosure trustee itself or an affiliate of Standard Trust Deed

12 Service Company, which conducted the foreclosure sale of the

13 property on behalf of JAMKE on November 12, 2003, for damages for

14 violation of the automatic stay in violation of § 362(h) (now

15 (k)) based on either the stay's extending to the foreclosure, or

16 based on a failure to comply with the California law governing

17 notices of foreclosure if the stay did not apply. Fant is alleged

18 in the proposed SAC to have obtained the property from Yadao by a

19 foreclosure sale on July 11, 2003, pursuant to a note held by

20 Fant that was secured by a second deed of trust in the property.

21 (Prop. SAC ¶¶ 25-29.)

22        This claim appears to be an amalgam of a federal claim

23 (violation of the automatic stay) and a state claim (wrongful

24 foreclosure). With respect to the federal aspect of the claim

25 relating to an alleged violation of the automatic stay, as to the

26 present Plaintiffs, Plaintiffs Yadao and Trust (the debtors),

27 this would not state a claim for violation of the automatic stay

28 because of the reasoning set forth above.

23

1    As to Fant, Fant would allege that he was a victim of a
2  wrongful foreclosure scheme and was intentionally "mislead" (SAC
3  ¶ 26) by Defendant Myrtakis in a way to cause Fant to lose the
4  property and $600,000 in equity; Fant had filed a wrongful
5  foreclosure suit in Stanislaus County Superior Court and had
6  obtained in that proceeding a ruling that the bankruptcy stay
7  extended to the foreclosure sale at issue; Fant must be
8  considered a debtor if the automatic stay extended to the
9  foreclosure sale initiated against Fant's ownership interest.
10 (Prop. SAC pp. 8-12.)

11   In their papers (supplemental opposition to motion to
12 dismiss pp. 1-2, 5), Plaintiffs conceded that Fant does not have
13 standing to bring a claim for violation of the automatic stay.
14 See also, Globe Investment and Loan Company, Inc., 867 F.2d 556
15 (9th Cir. 1988), relied on by Defendants. Plaintiffs appear to be
16 seeking to redress what is perceived as an incorrect decision of
17 a state court. The parties have not established that any ruling
18 of the Stanislaus County Superior Court is binding on this Court
19 or creates a federal claim in Fant.

20   The Court concludes that Fant did not and could not state a
21 claim for violation of the automatic stay. Accordingly, amendment
22 to add Fant as a party and to state Fant's claims against others
23 would be futile.

24   Further, because of a lack of a federal claim and the
25 extensive state-court litigation that demonstrates the clear
26 availability of a state forum for the state claims, the Court
27 would not exercise supplemental jurisdiction over state claims.
28 Any possible basis for permissive joinder pursuant to Fed. R.

24

Civ. P. 20 or intervention pursuant to Rule 24(b) is thus lacking. There is no appreciable possibility that granting any of Plaintiff's motions would promote judicial economy.

Accordingly, Plaintiffs' motion for joinder, intervention, and leave to file an amended complaint ARE DENIED.

In summary, it IS ORDERED that

1. Defendants' motions to dismiss ARE GRANTED; and

2. Plaintiff's and Fant's motions for joinder, intervention, and leave to file an amended complaint, ARE DENIED; and

3. This action IS DISMISSED.

IT IS SO ORDERED.

**Dated:    March 16, 2007           /s/ Sandra M. Snyder          **
icido3                    UNITED STATES MAGISTRATE JUDGE